**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>          Plaintiff,                 )<br>                                     )<br>     v.                              )<br>                                     )<br>APPROXIMATELY $2,770.00 IN U.S.      )<br>CURRENCY, and                        )<br>                                     )<br>2005 CHEVROLET TRUCK, VIN:           )<br>2GCEC19T051249989, LICENSE:          )<br>7U34478,                             )<br>                                     )<br>          Defendants.                )<br>                                     )<br>_____) | 1:09-cv-1969 OWW GSA<br><br>ORDER AFTER SCHEDULING<br>CONFERENCE<br><br>Opposition to Consolidation<br>of Cases Filing Deadline:<br>4/12/10<br><br>Reply to Consolidation of<br>Cases Filing Deadline:<br>4/19/10<br><br>Order to Show Cause re:<br>Consolidation of Cases<br>Hearing Date: 4/26/10 10:00<br>Ctrm. 3 |

I.   Date of Scheduling Conference.

   March 24, 2010.

II.  Appearances Of Counsel.

   Deanna L. Martinez, Esq., Assistant United States Attorney, appeared on behalf of Plaintiff.

   No one appeared on behalf of Claimants Alfred Darnell Ford or Renatta Carter Ford.

III. Summary of Pleadings.

   1.   This is an *in rem* civil forfeiture action.  In its Verified Complaint For Forfeiture *In Rem*, the government alleges

1

that the Defendants approximately $2,770.00 in U.S. Currency (hereafter "Defendant currency") and 2005 Chevrolet Truck, VIN: 2GCEC19T051249989, License: 7U34478 (hereafter "Defendant vehicle") constitute proceeds and/or property used to facilitate a conspiracy to commit or are traceable to a violation of 18 U.S.C. § 1028(a)(7) [Identity Theft], 18 U.S.C. § 1029 [Credit Card Fraud], 18 U.S.C. § 1341 [Mail Fraud], 18 U.S.C. § 1343 [Wire Fraud], 18 U.S.C. § 1349 [Conspiracy to Commit Wire Fraud], and 18 U.S.C. §§ 1956 and 1957 [Money Laundering], and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C).

2. On June 11, 2009, a Grand Jury in the Eastern District of California indicted Alfred Darnell Ford for various fraud, identity theft, and money laundering violations. On September 10, 2009, a Grand Jury indicted Alfred Darnell Ford's wife, Renatta Carter Ford, in a superseding indictment. On September 14, 2009, Alfred Darnell Ford entered into a plea agreement pleading guilty to violations of identity theft and access device fraud and was subsequently sentenced on January 4, 2010.

3. GMAC Financial Services, Inc. (hereafter "GMAC") filed an answer and request for expedited settlement in this action as an innocent lien holder.

4. On November 24, 2009, Renatta Carter Ford was personally served with copies of the Complaint, Application and Order for Publication, Warrant for Arrest of Articles *In Rem*, Notice of Related Case, Order Setting Mandatory Scheduling Conference, Standing Order, Notice of Availability of a Magistrate Judge, Notice of Availability of Voluntary Dispute

Resolution, and Notice of Forfeiture Letter dated November 12, 2009. On November 25, 2009, GMAC was served with notice of the forfeiture action by certified mail. On January 4, 2010, Alfred Darnell Ford waived his right to service of the action when he executed a Stipulation for Final Judgment of Forfeiture forfeiting his interest in the Defendant assets. To date, only GMAC has formally appeared in this action.

5.   As of the date of the filing of this report, no other potential claimants have filed claims or answers with the court in this action.

6.   The government is in communication with Renatta Carter Ford's criminal defense counsel and has granted her an extension of time to answer the government's complaint while the parties discuss settlement.

7.   GMAC has a lien claim against the vehicle, but has not otherwise participated in the action. GMAC is in contact with the U.S. Attorney.

IV.   Orders Re Amendments To Pleadings.

1.   The parties do not anticipate amending the pleadings at this time.

V.   Factual Summary.

A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   The allegations in the Verified Complaint for Forfeiture *In Rem* remain uncontested.

2.   GMAC contends it is an innocent lien holder and seeks to settle its claim to the vehicle.

///

    B.    Contested Facts.

        1.    The remaining facts in the case have not been contested by any other claimant.

VI.    Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. §§ 1345 and 1355.

        2.    Venue is proper under 28 U.S.C. § 1395.

    B.    Contested.

        1.    There appear to be no legal issues in dispute at this time.

VII.    Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Proposed Consolidation.

    1.    Based on the relationship of this case to Case Number 1:09-cv-1004 OWW GSA, it appears that the interests of justice and judicial economy as well as that of the parties will be served by consolidating these actions for all purposes.

        2.    GMAC and any other claimants shall show cause, if any

they have, why this case should not be consolidated for all purposes including trial with case number 1:09-cv-1004 OWW GSA.

X.  Case Schedule.

   1.   Upon consolidation of these cases for all purposes, the schedule already adopted for the lead case, case number 1:09-cv-1004 OWW GSA, shall be adopted in this case.

   2.   The hearing date on the Order to Show Cause Re Consolidation shall be April 26, 2010, at the hour of 10:00 a.m. in Courtroom 3.  Any opposition to the Court's sua sponte Notice of Intent to Consolidate Cases for all Purposes, including trial, shall be filed on or before April 12, 2010.  Any reply shall be filed by April 19, 2010.

IT IS SO ORDERED.

Dated:   March 24, 2010                       /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE